The opinion of the Court, was delivered by
Hornblower, C. J.
It appears by the declaration, that on the 6th of May, 1835, the defendant Kelly, covenanted with Green the plaintiff,, that on the 1st day of April, 1836, he would convey to the plaintiff, by deed of warranty, a certain tract of land, with a mill situate thereon, in as good repair, as they were at the date of said covenant, natural and reasonable wear and tear excepted. On that day, nothing was done ; no conveyance made by the defendant, nor any request on the part of the plaintiff to have the contract executed. But on the next day, the 2d April, 1836, the parties entered into a new or further agreement, which was indorsed on or annexed to the first, by 'which it was stipulated, that the time for delivering the deed should be ex *247 tended to the 1st of April, 1837 : that each party should immediately advance one thousand dollars, as a common stock to carry on the business of sawing, in partnership, for one year: that each should do half the labor, and at the expiration of the time, each should have half the proceeds: that Green, should pay as rent, “ the interest of one-half the purchase money : that if necessary during the term, one saw, should be sunk to the level of another; a new head gate be put in, and gravelling the dam, should be done at mutual expense. The declaration then sets out some other matters contained in the said second agreement, not material to any question in this cause, and then avers, that at the time of making the agreement to purchase the premises, there was a saw mill erected thereon ; and that afterwards, on the 18th March, 1837, eighty feet of the dam, was carried away by a freshet; that although the plaintiff had performed &c. and had on the first day of April, 1837, paid &c. yet that the defendant did not then, and had not since, repaired the breach in the said dam, and did not nor would deliver up to the plaintiff, the said premises in as good repair as they were at the time of making the first mentioned agreement, natural and reasonable wear and tear excepted, according to the tenor &c. of the said articles of agreement &c. whereby the plaintiff wholly lost &c. to his damage &c.
To this declaration, the defendant has put in a general demurrer.
Several points were raised and discussed by counsel on both sides, viz: Whether the second agreement was a separate and independent agreement ? Or whether the first agreement remained in force, except so far as altered by the second ; so that the two instruments constituted one agreement, and were to be taken together ? And again, it was insisted by the defendant’s counsel, that as the breach in the dam occurred, while the parties were in possession as partners, under the second agreement, both were bound to repair &e.
But I think, upon these pleadings, there is no occasion to discuss or express any opinion on either of these points. Supposing for the present that the plaintiff is right in considering both agreements in force and as standing together, what did the defendant covenant to do ? And wherein has he failed to perform that covenant ? Or in other words, what is the breach assigned ? *248 Let us look at the covenant as set out in the declaration. It is that on the 1st day of April, 1837, the defendant would convey to the plaintiff the premises, by a warranty deed ; and on that day deliver to him peaceable and full possession of the premises, in as good repair &c. This is the whole of the covenant on the párt of the defendant, so far as this action is concerned. Now, in what manner could the defendant have broken this covenant? Or in other words, what breaches could be assigned upon it ? I can conceive of but three, namely : 1st, that the defendant had refused or neglected to convey by, “a good and sufficient warranty deed ;” or 2dly, that having made such conveyance, he refused to deliver to the plaintiff “ peaceable and full possession ; or 3dly, that the premises when possession was delivered to him, were not in as good repair &e.” If the defendant has not conveyed by deed of warranty, then I apprehend, the only breach that can be assigned, is his neglect or refusal to convey; and in such case it would be quite unimportant, whether the defendant had repaired the dam or not. If the plaintiff has no title to the premises, and the defendant refuses to give him one, of what consequence is it, to the plaintiff, whether the premises are in or out of repair? In such case the plaintiff cannot recover, for not, delivering possession, or not repairing. He can only recover damages against the defendant, for not conveying to him the premises according to contract. Again, if the defendant has given such deed, as he was bound to do, but refuses to deliver “peaceable and full possession,” then the declaration should show those facts and assign such refusal as a breach. Or, if the defendant has given a deed and delivered possession, but not in “ as good repair &c.” then the plaintiff should assign as a breach, that defendant had not delivered possession of the premises, “ in as good repair as the same were, when the agreement was made;” and show wherein the difference exists. But when we look into the declaration, we find neither of these breaches assigned. In fact, the assignment, such as it is, is double, and if well in other respects, would be bad on special demurrer. It is as follows: that the defendant “ had nonrepaired the breach in the said dam and “ had not, nor would deliver up to the plaintiff the said premises in as good repair as they were &e.” Now in the first place, it is obvious, that the defendant *249 never covenanted “ to repair the breach in the dam ; ” and 2dly, if he had done so, the plaintiff could not recover damages for his not doing so, nor for his refusing to deliver up possession of the premises, “in as good repair &c.” unless he had accepfed a deed for the premises. But it does not appear, not even inferentially from the declaration, that the plaintiff had any title to the premises; and if no title, and ho was never to have any, he could not recover damages for the dilapidated state of the premises.
But suppose we consider the several things covenanted to be done by the defendant, as one entire act: that is, that on such a day, he would convey by deed, and deliver to the plaintiff full possession of the premises, in as good repair &c. Now X admit that if the defendant, on that day, tendered a deed, and offered to give full possession, the plaintiff would not have been bound to accept of such offers, if the premises were not in as good repair &e. XXe might have refused to accept the deed, and considered the covenant broken. But how ought that breach to be assigned ? Clearly it ought to he, that on that day, the defendant refused to deliver a deed for, and possession of, the premises, in as good repair &c. showing wherein the repairs were defective. But upon the declaration as it now stands, it is impossible to say, whether the plaintiff has any title to the premises or not. He avers performance and payment on his part, and may, in equity, have a right to a deed; but unless he has a deed, he cannot recover damages, merely because the premises are out of repair. The plaintiff, in my opinion, must show, either, that as owner of the property, he is damaged by reason of the premises not being “ in as good repair &c.” or, he must show, that no deed was tendered; or if tendered, that it was not such a deed as the covenant called for •, or that the premises were out of repair, and that therefore he refused to accept the deed ; and so go for an entire breach of the contract on the part of the defendant. The plaintiff has not declared in either of these ways, and therefore I am of opinion, that judgment be given for the defendant ou demurrer.

Demurrer sustained.

Cited in Green v. Kelly, Spencer 547.